UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOODLAND HARVESTING, INC.,
A Michigan Corporation,

    Plaintiff,                                                   Case No. 09-10736

v.                                                              Hon. AVERN COHN

GEORGIA PACIFIC CORPORATION,
A foreign corporation,

    Defendant.

_____/

## MEMORANDUM AND ORDER LIMITING PLAINTIFF'S DAMAGES

### I.    Introduction

This is a commercial dispute. Woodland Harvesting Inc. (WHI) supplied woodchips and wood products to Georgia Pacific (GP) who used them in its operation of a particle board plant in Gaylord, MI from 1987-2006. The plant closed in 2006 and GP canceled its contract with WHI. In response, WHI sued alleging fraud, breach of contract, and later promissory estoppel. The only claim still pending is promissory estoppel.

Now before the Court is the defendant's motion to strike plaintiff's itemized statement of damages. (Doc. 41) In reality, defendant moves the Court to limit potential recovery to reliance damages. WHI claims it is entitled to expectation damages under the theory of promissory estoppel.

For the reasons that follow plaintiff's damages are limited to reliance damages.

I.   Background

Over the course of 19 years WHI entered into a series of contracts with GP to supply wood chips to GP's particle board plant. Shortly after signing a multi-year deal in 2005, GP notified WHI that it intended to terminate the contract in accordance with a cancelation provision. GP terminated the contract and closed its plant. As a result, WHI sued GP alleging breach of contract, fraud, and later amended its complaint to include promissory estoppel. GP filed a motion to dismiss. The fraud and breach of contract claims were dismissed. The only claim that survived was promissory estoppel.

The parties have had several disputes related to discovery. The present controversy revolves around the appropriate measure of damages under the theory of promissory estoppel. The Court held a status conference on June 1, 2011 to address a dispute over the scope of discovery. At that conference, the Court ordered the plaintiff to produce an itemized statement of damages.

GP contends that WHI is in violation of this order because the statement of damages includes, almost exclusively, lost profits. The substance of this dispute turns on whether WHI may recover expectation damages if successful in its claim of promissory estoppel.

II.   Legal Standard

A.  Promissory Estoppel

Promissory estoppel is an equitable doctrine, and an action based on promissory estoppel is considered an equitable action, rather than a legal one. C & K Engineering Contractors v. Amber Steel Co., 23 Cal. 3d 1, 587 P.2d 1136 (1978). As an equitable

doctrine the remedy is flexible, and will vary as justice requires. It is within the discretion of the court to award expectation, reliance, or restitutionary damages for promissory estoppel claims. Dynalectric Co. of Nevada, Inc. v. Clark & Sullivan Constructors, Inc., 127 Nev. Adv. Op. 41, 255 P.3d 286 (2011). However, the standard measure of damages is reliance. *See* Restatement (second) Contracts §90. Hoffman v. Red Owl Stores, Inc., 26 Wis.2d 683, 701-02, 133 N.W.2d 267, 277 (1965) provides a useful overview of the law:

> Where damages are awarded in promissory estoppel instead of specifically enforcing the promisor's promise, they should be only such as in the opinion of the court are necessary to prevent injustice. Mechanical or rule of thumb approaches to the damage problem should be avoided. In discussing remedies to be applied by courts in promissory estoppel we quote the following views of writers on the subject:
>
> 'Enforcement of a promise does not necessarily mean Specific Performance. It does not necessarily mean Damages for breach. Moreover the amount allowed as Damages may be determined by the plaintiff's expenditures or change of position in reliance as well as by the value to him of the promised performance. Restitution is also an 'enforcing' remedy, although it is often said to be based upon some kind of a rescission. In determin[in]g what justice requires, the court must remember all of its powers, derived from equity, law merchant, and other sources, as well as the common law. Its decree should be molded accordingly.' 1A Corbin, Contracts, p. 221, sec. 200.

### III.   Discussion

#### A.  Damages Recoverable Under Promissory Estoppel

The standard measure of recovery under a theory of promissory estoppel is typically reliance damages. Restatement (second) of Contracts §90. Expectation damages, however, are a possible remedy. Plaintiff is correct to suggest that occasionally courts allow recovery of lost profits when justice so demands. *See e.g.* Goodman v. Dicker, 169 F.2d 684 (D.C. Cir. 1948). There is nothing, however, to

suggest that this case presents one of the exceptional circumstances where the interests of justice require an award of lost profits.

WHI had no realistic expectation of five years' of profits. WHI's contract with GP provides for a 90 day cancellation. After bargaining for that provision it is unrealistic for WHI to maintain that it has a right to the profits on the five year contract. Promissory estoppel cannot fashion a better deal than the plaintiff did. If there was reliance on profits, that reliance was unreasonable. At best, WHI detrimentally relied on GP's representations and purchased the log sorting machine and entered into stumpage contracts in reliance on those representations. WHI's statement of itemized damages is non-responsive to the discovery order because it lists expectation damages; WHI has no claim for lost profits.

B.  Itemization of Damages

The itemized statement of damages is unsupported by financial papers as required by the Court's order. Plaintiff should furnish information and supporting documents related to reliance damages. For example, WHI's disclosure for its purchase of the log sorting machine is a one page invoice listing the selling price as $280,000. WHI does not provide any documents indicating the current value, if any, of the machine. It does not list expenses related to the purchase of the machine beyond the purchase price. Also, WHI says nothing related to the expense of employee time to complete the purchase of the machine, remodeling of facilities or land to accommodate the machine, or financing the purchase, or transportation costs.

Further, there is no information disclosed by WHI related to what steps, if any, it took to cover or mitigate damages after the cancelation of the contract with GP. The accounting for these steps has a direct effect on recoverable damages. Further absent are WHI's expenses related to entering into stumpage contracts with land owners. It does not indicate what losses, if any, it suffered in relation to the stumpage contracts nor does WHI disclose whether it defaulted on the contracts or honored them and sold the wood product at a profit or loss.

### IV.   Conclusion

Defendant's motion to strike (Doc. 41) is **DISMISSED** as moot.

SO ORDERED.


Dated: October 4, 2011           S/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 4, 2011, by electronic and/or ordinary mail.

                                 S/Julie Owens
                                 Case Manager, (313) 234-5160